IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PABLO RAMIREZ<br>    Plaintiff,<br>v.<br><br>STATE FARM LLOYDS<br>    Defendant. | §<br>§<br>§   CASE NO: 3:23-cv-00351<br>§<br>§<br>§ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant **STATE FARM LLOYDS** ("State Farm") files this Notice of Removal.

### PROCEDURAL BACKGROUND

1. Plaintiff Pablo Ramirez filed this action on July 17, 2023, against State Farm Lloyds, in the 448th Judicial District Court of El Paso County, Texas. That case was docketed under cause number 2023DCV2278 (the "State Court Action"). The pleading styled as Plaintiff's Original Petition and Request for Disclosure is the first document that was filed under that cause number. *See* Exhibit 1-D, State Court Docket Sheet.

2. State Farm was served with process on August 25, 2023. State Farm timely answered the lawsuit on September 14, 2023.

3. State Farm Lloyds now timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 448th Judicial District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

### NATURE OF THE SUIT

4. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiff's insurance claim. Plaintiff's claim is for damages allegedly

sustained to his residential property as the result of wind/hailstorm on or about August 1, 2021. Plaintiff's Original Petition at ¶ 8.

5.      Plaintiff's Original Petition asserts causes of action against Defendant State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Plaintiff's Original Petition at section IV. Plaintiff seeks damages including actual damages, breach of contract damages, benefit of the bargain damages, attorney's fees, mental anguish damages and damages for emotional distress, economic damages and losses due to nonpayment of Plaintiff's claim, loss of policy benefits, interest on the amount of Plaintiff's claim at the rate of 18 percent per year, exemplary damages, three times the amount of Plaintiff's damages, statutory damages under the Texas Insurance Code; prejudgment and post judgment interest and court costs. Plaintiff's Original Petition at Prayer.

## BASIS FOR REMOVAL

6.      The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and State Farm) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

7.      At the time the State Court Action was commenced, Plaintiff was, and still is, a resident and citizens of Texas. Plaintiffs' Original Petition at ¶ 3.

8.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyds Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877,

882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

## Amount in Controversy

9.  The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014).

10. Where, as here, the petition does not establish to a legal certainty that the amount in controversy does not exceed $75,000, the removing party can establish that the recovery sought meets the amount in controversy requirement through factual allegations that are sufficient to demonstrate the requisite jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

11. On May 9, 2022, Plaintiff sent State Farm a demand for $49,373.87, including economic damages of $47,373.87. In his petition, Plaintiff seeks treble damages for "knowing" conduct. *See* Plaintiff's Original Petition at ¶ 31. $47,373.87 times three is $142,121.61. Plaintiff's requests for actual damages and treble damages alone exceed the amount in controversy threshold. Plaintiff also seeks prompt payment interest and attorney's fees, among other damages.

12. Additionally, Plaintiff cannot show – to a legal certainty – that his recovery will not exceed $75,000. In his Original Petition, Plaintiff states that he "is seeking monetary relief of $250,000 or less,

excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." *See* Plaintiff's Original Petition at ¶ 2. Although this statement complies with Rule 47 of the Texas Rules of Civil Procedure, the statement does not indicate that the amount in controversy is below $75,000 and, in fact, "Rule 47 prohibits claimants from pleading specific amounts." *Yado v. Palomar Specialty Ins. Co.,* No. 7:17-CV-00083, 2017 WL 7735159, at *3 (S.D. Tex. May 11, 2017).

13. Moreover, Plaintiff did not file a binding stipulation or affidavit with his petition and did not attempt to limit his recovery to less than $75,000, exclusive of interests and costs.

14. Based on the foregoing, the amount in controversy threshold is met in this case.

## REMOVAL IS PROCEDURALLY CORRECT

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b). State Farm was served with process on August 25, 2023.

16. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

17. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1, copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Documents Filed (Exhibits 1-A through 1-D).

18. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of State Farm's Notice of Removal was promptly given to all parties and to the clerk of 448th Judicial District Court of El Paso County, Texas.

## PRAYER

State Farm Lloyds respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. State Farm Lloyds also requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Elizabeth Sandoval Cantu*
Elizabeth Sandoval Cantu
State Bar No. 24013455
ecantu@ramonworthington.com
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
Phone: (956) 294-4800
Facsimile: 956-928-9564

Electronic Service to:
efile@ramonworthington.com
**ATTORNEY IN CHARGE FOR DEFENDANT**

**Of Counsel:**

Sofia A. Ramón
Fed. ID No. 20871/State Bar No. 00784811
Stephen W. Bosky
Fed. ID No. 3076205/State Bar No. 24087190
Dania Z. Sadi
Fed. ID No. 3822717/State Bar No. 24125395
**RAMÓN WORTHINGTON**
**NICOLAS & CANTU, PLLC**
1506 South Lone Star Way, Suite 5
Edinburg, Texas 78539
(956) 294-4800
(956) 928-9564 – Fax

**Electronic Service to:**
**efile@ramonworthington.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2023, a true and correct copy of the foregoing document was served via e-File Texas.gov to the following:

Cristobal M. Galindo
**CRISTOBAL M. GALINDO, P.C**
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
Telephone: (713) 228-3030
Fax: (713) 228-3003
hurricane@galindolaw.com
**ATTORNEY FOR PLAINTIFF**

> */s/ Elizabeth Sandoval Cantu*
> Elizabeth Sandoval Cantu